**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ALSCO, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1631-CFC |
| | ) | |
| PREMIER OUTSOURCING PLUS, LLC, | ) | |
| ROBERT PACITTI, KHALEIM DIXON, | ) | |
| LUDOVICO ORIENTE and DRYCLEAN | ) | |
| CENTRAL, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

In this case, Plaintiff Alsco, Inc. ("Plaintiff") brings breach of contract and Delaware state law tort claims against Defendants Premier Outsourcing Plus, LLC, Robert Pacitti, Khaleim Dixon, Ludovico Oriente and Dryclean Central.  Pending before the Court is Defendant Ludovico Oriente's ("Defendant" or "Oriente") motion to dismiss for lack of personal jurisdiction (the "Motion"), (D.I. 13), brought pursuant to Federal Rule of Civil Procedure 12(b)(2).[1]  For the reasons set forth below, the Court recommends that Defendant's Motion be DENIED in the manner set out below.

**I.    BACKGROUND**

Plaintiff filed this action on August 30, 2019.  (D.I. 1)  Defendant filed his Motion on November 15, 2019, (D.I. 13), and briefing on the Motion was completed on December 17,

---

[1] As is further set out below, because the Motion alleges in part that Oriente was not properly served with process, the Motion also implicates Federal Rule of Civil Procedure 12(b)(5).

2019, (D.I. 22).[2]  The Motion was referred to the Court for resolution by United States District Judge Colm F. Connolly on December 20, 2019.  (D.I. 24)  The Court will address any relevant facts regarding the Motion in Section III below.

## II.   LEGAL STANDARD

Defendant's Motion is styled as one seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2).  Rule 12(b)(2) requires the Court to dismiss any case in which it lacks personal jurisdiction.  Fed. R. Civ. P. 12(b)(2); *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 502 (D. Del. 2017).  When a defendant moves to dismiss a lawsuit for lack of personal jurisdiction, the plaintiff bears the burden of showing the basis for jurisdiction; in a situation like this, where no evidentiary hearing has been held, the plaintiff must only make a *prima facie* showing that personal jurisdiction exists.  *See Nespresso*, 263 F. Supp. 3d at 502; *Hardwire, LLC v. Zero Int'l, Inc.*, Civil Action No. 14-54-LPS-CJB, 2014 WL 5144610, at *5 (D. Del. Oct. 14, 2014) (citing cases); *Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 369 (D. Del. 2008).  To make out this *prima facie* showing, the plaintiff must typically demonstrate that the defendant's actions fall within the scope of Delaware's long-arm statue and that due process is satisfied (i.e., that there are sufficient minimum contacts between the defendant and the forum state).  *See Hardwire*, 2014 WL 5144610, at *5; *Power Integrations, Inc.*, 547 F. Supp. 2d at 369.  In reviewing a motion to dismiss for lack of personal jurisdiction, all factual inferences to be drawn from the pleadings, affidavits, declarations and exhibits must be drawn in the plaintiff's favor.  *Hardwire*, 2014 WL 5144610, at *5; *Power Integrations, Inc.*, 547 F. Supp. 2d at 369.

---

[2]   Also pending before the Court in this action is a motion to dismiss filed by the other four Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (D.I. 14)  The Court will address this motion in a forthcoming Report and Recommendation.

But while Defendant has raised his objection under Rule 12(b)(2), (D.I. 13 at 1), some of his arguments for dismissal are premised on the fact that he has not properly been served with process. (D.I. 13; D.I. 22) And because "[m]otions under Rule 12(b)(2) are reserved for challenges to the existence of jurisdiction over the *person*. . . and a Rule 12(b)(5) motion challenges the *method* of serving process[,]" when addressing the question of sufficiency of service, the Court will do so pursuant to Rule 12(b)(5). *Bank of Am., Nat'l Ass'n v. Martin*, Civil Action No. 1:12-cv-544, 2013 WL 5128840, at *3 n.3 (M.D. Pa. Sept. 12, 2013) (emphasis in original); *see also Torres v. Gaines*, 130 F. Supp. 3d 630, 634-35 (D. Conn. 2015); *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 764 & n.8 (M.D. Pa. 2005).

Rule 12(b)(5) allows a court to dismiss an action for "insufficient service of process[.]" Fed. R. Civ. P. 12(b)(5). "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 516 (E.D. Pa. 2010). In a challenge to service of process, "'the party asserting the validity of service bears the burden of proof on that issue.'" *Tani v. FPL/Next Era Energy*, 811 F. Supp. 2d 1004, 1025 (D. Del. 2011) (quoting *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993)).

### III.   DISCUSSION

At issue in the Motion is a dispute about whether Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 4(k) with regard to Oriente, who is a former General Manager for Plaintiff at its Lanham, Maryland branch. (D.I. 1 at ¶ 31; D.I. 13 at ¶ 6 (stating that Oriente's challenge in the Motion was that Plaintiff had not satisfied the requirements of Rule 4(k)) Rule 4(k)(1) establishes that this Court has personal jurisdiction over a defendant if the defendant is

served with a summons or if a waiver of service is filed, so long as the defendant is (as is relevant here) "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located [i.e., Delaware.]" Fed. R. Civ. P. 4(k)(1).  Federal Rule of Civil Procedure 4(e), in turn, provides several acceptable manners of serving an individual defendant within the United States.  Fed. R. Civ. P. 4(e).  These include:  (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located (here, Delaware, where by service must be accomplished via the requirements of the Delaware long-arm statute, Del. Code Ann. tit. 10, § 3104) or the state where service is made; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(1)-(2).

In his Motion, Oriente appeared to premise his Rule 4(k) challenge on two grounds:  (1) that he is not subject to personal jurisdiction in the courts of the state of Delaware, as is required by the portion of the Rule relevant here; and (2) that he was never actually served with process pursuant to the Rule.  (D.I. 13 at ¶ 6; *id.*, ex. B)  As to the former argument, Oriente asserted that he was not "subject to the jurisdiction of the Delaware state courts" pursuant to Rule 4(k) because he is not a resident of Delaware and because he never conducted business in Delaware. (D.I. 13 at ¶ 6)  To this end, although the Complaint alleges that Oriente is currently domiciled and resides in Maryland and regularly conducts business in Delaware, (D.I. 1 at ¶ 5), in a sworn affidavit that he attached to his Motion, Oriente avers that:  (1) his home address is in Cherry Hill, New Jersey; (2) he is a citizen and resident of New Jersey; (3) he formerly lived in Maryland; (4) at the time of filing his Motion, he was "temporarily residing in California due to

4

employment obligations"; and (5) he has never worked in Delaware or conducted business in Delaware for Plaintiff or for himself, (D.I. 13, ex. B at ¶¶ 1-3). And with regard to service of process, Oriente states that Plaintiff never properly provided him with a copy of a summons and the Complaint. On that score, Oriente submitted records indicating the following concerning the four attempts that Plaintiff appears to have made to serve him with process:

- On September 19, 23, and 24, 2019, a process server unsuccessfully attempted service of process at Oriente's Cherry Hill address. (D.I. 13 at ¶ 3; *id.*, ex. A at 2); and

- On September 26, 2019, the process server left the summons and Complaint at the Sicklerville, New Jersey address of Oriente's son, who is also named Ludovico Oriente. (D.I. 13, ex. B at ¶ 4; D.I. 22 at 1) The summons and Complaint were left with the father-in-law of Oriente's son at the Sicklerville address. (D.I. 13, ex. A at 3-4; *id.*, ex. B at ¶ 4; D.I. 22 at ¶ 2)

With regard to the former line of argument (that is, that Oriente is not subject to personal jurisdiction in Delaware), Plaintiff's answering brief was entirely devoted to this issue. Therein, Plaintiff explained its theory that although Oriente performed the alleged wrongful acts in Maryland, because he nevertheless "directed the harm at Delaware[,]" then his actions met the requirements of the Delaware long-arm statute and due process, such that there is personal jurisdiction over Oriente in Delaware. (D.I. 19 at 2; *see also id.* at 2-6) In its reply brief, Oriente clearly and intentionally did not address any of Plaintiff's arguments about personal jurisdiction. (D.I. 22 at ¶ 3) Thus, he has implicitly conceded the validity of those arguments for purposes of resolution of this Motion. *See Progressive Sterilization, LLC v. Turbett Surgical LLC*, Civ. No. 19-627-CFC, 2020 WL 3071951, at *2 (D. Del. June 10, 2020).

However, with regard to the latter line of argument (i.e. that Oriente was never actually served properly with the summons or Complaint), in its answering brief, Plaintiff failed to respond to this charge. (*See* D.I. 19; *see also* D.I. 22 at ¶¶ 2, 4) (Defendant's reply brief noting

5

this))  It is Plaintiff who has the burden to show that service of process was properly effected pursuant to Rule 4(e) and Rule 4(k), *Tani*, 811 F. Supp. 2d at 1025, and here the Court cannot conclude that Plaintiff has met that burden.  Although the record indicates that Plaintiff delivered a copy of the summons and Complaint to Oriente's son's father-in-law at the Sicklerville address, there is nothing of record to suggest that this satisfied Rule 4(e)'s requirements that the Sicklerville address was Oriente's "dwelling or usual place of abode" or that the father-in-law was Oriente's authorized agent.  Fed. R. Civ. P. 4(e)(2)(B)-(C).  Nor has Plaintiff otherwise explained how it followed relevant Delaware or New Jersey state law for serving process.  Fed. R. Civ. P. 4(e)(1).  *See Kammona v. Onteco Corp.*, 587 F. App'x 575, 578 (11th Cir. 2014) (affirming dismissal under Rule 12(b)(5) where the plaintiff had "offered no evidence to support his assertion that, at the time of service, [the defendant] resided at the address served" and where the defendant had "provided affidavits to support his position" that he did not reside there); *Raynor v. D.C.*, 296 F. Supp. 3d 66, 70-71 (D.D.C. 2017) (concluding, when the defendant had attested that she did not reside at the address where service had been made, that the plaintiff's evidence, including the content of the signed return of service, was insufficient to carry its burden to show that the address *was* the defendant's "dwelling or usual place of abode") (internal quotation marks and citation omitted).  So on this record, the Court cannot conclude that service has been properly made pursuant to Rule 12(b)(5).

That said, "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992).  "[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained.  In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service." *Id.*  Here,

there seems a "reasonable prospect" that service could be made, either in person or via other means.  *See, e.g., Frenkel v. Klein*, CIVIL ACTION No. 14-2275, 2016 WL 1086570, at *1 (E.D. Pa. Mar. 21, 2016).  Accordingly, the Court recommends that the Motion be denied, but that the flawed service of process be quashed, and that if the District Court affirms its decision herein, that Plaintiff be given 30 days to properly effect service on Oriente.  *See, e.g.*, *Altavilla v. Larksville Borough Police*, CIVIL ACTION NO. 3:17-CV-1588, 2018 WL 4375144, at *4 (M.D. Pa. Aug. 8, 2018), *report and recommendation adopted in part*, 2018 WL 4356775 (M.D. Pa. Sept. 12, 2018); *Baker v. Microbilt Corp.*, Civil Action No. 4:14-cv-1109, 2014 WL 5529195, at *1, *3 (M.D. Pa. Nov. 14, 2014).

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that the Motion be DENIED, that Plaintiff's flawed service of process be QUASHED, and that if the District Court affirms this decision, that Plaintiff be provided with 30 days to properly serve Oriente.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  Fed. R. Civ. P. 72(b)(2).  The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court.  *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: July 15, 2020

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE

8